## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANDRA ROGERS and<br>ALAN ROGERS | ) )<br> ) | Court File No._____ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JOHNSON & JOHNSON,<br>and ETHICON, INC. | ) )<br> )<br> ) | |
| Defendants. | ) ) | |

## COMPLAINT

COME NOW SANDRA ROGERS and ALAN ROGERS as Plaintiffs herein and hereby file this Complaint, making allegations against Defendants as follows:

## PARTIES

1.     Plaintiffs SANDRA ROGERS and ALAN ROGERS are citizens and residents of the State of Alabama.  At all times relevant, Plaintiffs have resided together as husband and wife. Plaintiffs have suffered and continue to suffer significant injury as a result of Defendants' products and the conduct alleged herein.

2.     Defendant Johnson & Johnson is a corporation, and according to its website, the world's largest and most diverse medical device and diagnostics company, with its worldwide headquarters located at One Johnson & Johnson Plaza, New Brunswick, New Jersey.  Johnson & Johnson organizes its subsidiary businesses into individual Business Units to coordinate the development, manufacture, testing, marketing, promotion, training, distribution and sale of its' pelvic floor repair products.  Within Johnson & Johnson there are three sectors: medical devices

and diagnostics, pharmaceutical, and consumer.  Within the medical devices and diagnostic sector are "Business Units" including the "Ethicon Franchise."  The Ethicon Franchise was charged by Johnson & Johnson with the design, development, promotion, marketing, testing, training, distribution and sale of one or more of the medical devices at issue in this case.  The Company Group Chairman and Worldwide Franchise Chairman for the Ethicon Franchise, Gary Pruden, is employed by Johnson & Johnson.  The companies which comprise the Ethicon Franchise are thus controlled by Johnson & Johnson and include, but are not limited to, Ethicon, Inc., Ethicon LLC, and Ethicon LTD.

3.    Defendant, Ethicon, Inc., is a wholly owned subsidiary of Defendant Johnson & Johnson located in Somerville, New Jersey.

4.    Defendants Johnson & Johnson and Ethicon, Inc. will be collectively referred to as "the Defendants."  The Defendants marketed, packaged, labeled, and sold one or more of the medical devices at issue in this case.

## JURISDICTION AND VENUE

5.    Plaintiffs are seeking damages in excess of $75,000.  This Court has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

6.    The Defendants have significant contacts with the District of New Jersey such that they are subject to personal jurisdiction within said district.

7.    A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the District of New Jersey.

8.    Pursuant to 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the District of New Jersey.

## FACTUAL ALLEGATIONS

9.      The Defendants designed, manufactured, packaged, labeled, marketed, sold, and distributed the Gynecare TVT System implanted in Plaintiff SANDRA ROGERS.  The Defendants began to market the Gynecare TVT System in the United States after being granted approval by the FDA under Section 510(k) of the Medical Device Amendment to the Food, Drug and Cosmetics Act.  Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices marketed prior to May 28, 1976.  No formal review for safety or efficacy is required.

10.     Currently and prior to implantation in Plaintiff SANDRA ROGERS, the Defendants have continued to manufacture, market, distribute, and sell the Gynecare TVT System to thousands of women even though the Defendants know that the products have been inadequately tested for safety and efficacy (both prior to and after their approval for sale in the United States), contain significant manufacturing and design defects that pose unnecessary risks to patients, and also despite knowing that numerous patients have suffered harm attributable to the defective condition of the medical devices and the negligence of the Defendants.

11.     Prior to Plaintiff SANDRA ROGERS' implantation with the Gynecare TVT System, the Defendants were on notice of numerous patients who had been harmed by the devices, including a significant number of women who suffered vaginal erosion, infection, extrusion, perforation and/or abscess after implantation with the devices.

12.     The Defendants' failure to provide adequate warnings and information to physicians and/or patients regarding the safety and efficacy of the aforementioned Products led to unnecessary suffering for Plaintiff SANDRA ROGERS as well as the thousands of other

women who were implanted with the Gynecare TVT System and Defendants other pelvic mesh products.

## PLAINTIFF'S EXPERIENCE

13.     On or about January 16, 2008, Plaintiff SANDRA ROGERS was implanted with surgical mesh packaged in the Gynecare TVT System for repair of stress urinary incontinence. The Gynecare TVT System included the surgical mesh as well as instruments to aid in the placement of the mesh. The Gynecare TVT System was implanted during a procedure performed by Timothy L. Stone, M.D. at St. Vincent's Hospital in Birmingham, Alabama.

14.     The Gynecare TVT System implanted in Plaintiff SANDRA ROGERS will be referred to as "the Products" or "Defendants' Pelvic Mesh Products."  Defendants' Pelvic Mesh Products were implanted in Plaintiff SANDRA ROGERS to treat her stress urinary incontinence and pelvic organ prolapse, uses for which the Products was designed, marketed, and sold.

15.     The Defendants manufactured, marketed, packaged, labeled, and sold the Products implanted in Plaintiff SANDRA ROGERS.

16.     As a result of having the Products implanted in her, Plaintiff SANDRA ROGERS has experienced significant mental and physical pain and suffering, has sustained permanent injury, will likely be forced to undergo one or more corrective surgical procedures, and has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses.

## CAUSES OF ACTION

## COUNT I – STRICT LIABILITY - PRODUCT LIABILITY ACT – DEFECTIVE MANUFACTURE AND DESIGN

17.     Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

18.     The Defendants' Pelvic Mesh Products were defectively and improperly manufactured, rendering the products deficient, and unreasonably dangerous and hazardous to the general public, and specifically to Plaintiff SANDRA ROGERS.

19.     The Defendants' Pelvic Mesh Products are inherently dangerous and defective, unfit and unsafe for their intended and reasonably foreseeable uses, and do not meet or perform to the expectations of patients and their health care providers.

20.     The Defendants' Pelvic Mesh Products create risks to the health and safety of the patients that are far more significant and devastating than the risks posed by other products and procedures available to treat the corresponding medical conditions, and which far outweigh the utility of the Pelvic Mesh Products.

21.     Defendants have intentionally and recklessly designed, manufactured, marketed, labeled, sold, and distributed their Pelvic Mesh Products with wanton and willful disregard for the rights and health of Plaintiff SANDRA ROGERS and others, and with malice, placing their economic interests above the health and safety of Plaintiff SANDRA ROGERS and others.

22.     As a proximate result of Defendants' design, manufacture, labeling, marketing, sale, and distribution of the Pelvic Mesh Products, Plaintiff SANDRA ROGERS has been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

23.     Defendants are strictly liable in tort to the Plaintiffs for their wrongful conduct pursuant to the New Jersey Product Liability Act, N.J. Stat. Ann. 2A:58C-1, et seq.

WHEREFORE, Plaintiffs demands judgment against Defendants of compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## COUNT II – STRICT LIABILITY - PRODUCT LIABILITY ACT – FAILURE TO WARN

24.    Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

25.    The Defendants failed to properly and adequately warn and instruct Plaintiff SANDRA ROGERS and her health care providers as to the proper candidates, and the safest and most effective methods of implantation and use of the Defendants' Pelvic Mesh Products.

26.    The Defendants failed to properly and adequately warn and instruct Plaintiff SANDRA ROGERS and her health care providers as to the risks and benefits of the Defendants' Pelvic Mesh Products, given Plaintiff SANDRA ROGERS' conditions and need for information.

27.    The Defendants failed to properly and adequately warn and instruct Plaintiff SANDRA ROGERS and her health care providers with regard to the inadequate research and testing of the Defendants' Pelvic Mesh Products, and the complete lack of a safe, effective procedure for removal of the Pelvic Mesh Products.

28.    The Defendants intentionally, recklessly, and maliciously misrepresented the safety, risks, and benefits of the Defendants' Pelvic Mesh Products, understating the risks and exaggerating the benefits in order to advance their own financial interests, with wanton and willful disregard for the rights and health of Plaintiff SANDRA ROGERS.

29.    As a proximate result of the Defendants' design, manufacture, marketing, sale, and distribution of the Pelvic Mesh Products, Plaintiff SANDRA ROGERS has been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

30.    Defendants are strictly liable in tort to the Plaintiffs for their wrongful conduct pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq.

WHEREFORE, Plaintiffs demand judgment against Defendants of compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## COUNT III – NEGLIGENCE

31.     Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

32.     Defendants had a duty to exercise reasonable and ordinary care in the manufacture, design, labeling, instructions, warnings, sale, marketing, and distribution of Defendants' Pelvic Mesh Products, and recruitment and training of physicians to implant the Pelvic Mesh Products.

33.     Defendants breached their duty of care to Plaintiff SANDRA ROGERS, as aforesaid, in the manufacture, design, labeling, warnings, instructions, sale, marketing, distribution, and recruitment and training of physicians to implant the Pelvic Mesh Products.

34.     As a proximate result of the Defendants' design, manufacture, marketing, sale, and distribution of their Pelvic Mesh Products, Plaintiff SANDRA ROGERS has been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT IV – COMMON LAW FRAUD

35.     Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

36.     Defendants falsely and fraudulently represented and continue to represent to the medical and healthcare community, Plaintiff SANDRA ROGERS, the FDA, and the public that the Pelvic Mesh Products have been tested and found to be safe and effective.

37.     The representations made by Defendants were, in fact, false.   When Defendants made their representations, Defendants knew and/or had reason to know that those representations were false, and Defendants willfully, wantonly, and recklessly disregarded the inaccuracies in their representations and the dangers and health risks to users of the Pelvic Mesh Products.

38.     These representations were made by Defendants with the intent of defrauding and deceiving the medical community, Plaintiff SANDRA ROGERS, and the public, and also inducing the medical community, Plaintiff SANDRA ROGERS, and the public, to recommend, prescribe, dispense, and purchase the Pelvic Mesh Products for use as a means of treatment for stress urinary incontinence and/or pelvic organ prolapse, all of which evinced a callous, reckless, willful, and depraved indifference to the health, safety, and welfare of Plaintiff SANDRA ROGERS.

39.     In representations to Plaintiff SANDRA ROGERS and/or her healthcare providers, Defendants fraudulently concealed and intentionally omitted the following material information:

8

a.  That the Defendants' Pelvic Mesh Products were not as safe as other products and procedures available to treat incontinence and/or prolapse;

b.  That the risk of adverse events with the Defendants' Pelvic Mesh Products was higher than with other products and procedures available to treat incontinence and/or prolapse;

c.  The Defendants' Pelvic Mesh Products were not adequately tested;

d.  That the limited clinical testing revealed the Defendants' Pelvic Mesh Products had a higher risk of adverse effects, in addition to, and above and beyond those associated with other products and procedures available to treat incontinence and/or prolapse;

e.  That Defendants deliberately failed to follow up on the adverse results from clinical studies and formal and informal reports from physicians and other healthcare providers and buried and/or misrepresented those findings;

f.  That Defendants were aware of dangers in the Defendants' Pelvic Mesh Products in addition to and above and beyond those associated with other products and procedures available to treat incontinence and/or prolapse;

g.  That the Defendants' Pelvic Mesh Products were defective, and that they caused dangerous and adverse side effects, including but not limited to higher incidence of erosion and failure, at a much more significant rate

than other products and procedures available to treat incontinence and/or prolapse;

h. That patients needed to be monitored more regularly than usual while using the Defendants' Pelvic Mesh Products and that in the event the products needed to be removed that the procedures to remove them had a very high failure rate and/or needed to be performed repeatedly;

i. That the Defendants' Pelvic Mesh Products were manufactured negligently;

j. That the Defendants' Pelvic Mesh Products were manufactured defectively;

k. That the Defendants' Pelvic Mesh Products were designed negligently and designed defectively;

40. Defendants were under a duty to disclose to Plaintiff SANDRA ROGERS and her physicians the defective nature of the Defendants' Pelvic Mesh Products, including, but not limited to, the heightened risks of erosion, failure, and permanent injury.

41. Defendants had sole access to material facts concerning the defective nature of the Products and their propensity to cause serious and dangerous side effects and hence, cause dangerous injuries and damage to persons who used the Defendants' Pelvic Mesh Products.

42. Defendants' concealment and omissions of material facts concerning the safety of the Products were made purposefully, willfully, wantonly, and/or recklessly to mislead, to cause Plaintiff SANDRA ROGERS' physicians and healthcare providers to purchase, prescribe, and/or dispense the Pelvic Mesh Products; and/or to mislead Plaintiff SANDRA ROGERS into reliance and cause her to use the Defendants' Pelvic Mesh Products.

10

43.     At the time these representations were made by Defendants, and at the time Plaintiff SANDRA ROGERS used the Pelvic Mesh Products, Plaintiff SANDRA ROGERS was unaware of the falsehood of these representations, and reasonably believed them to be true.

44.     Defendants knew and had reason to know that the Defendants' Pelvic Mesh Products could and would cause severe and grievous personal injury to the users of the Defendants' Pelvic Mesh Products, and that they were inherently dangerous in a manner that exceeded any purported, inaccurate, or otherwise downplayed warnings.

45.     In reliance upon these false representations, Plaintiff SANDRA ROGERS was induced to, and did use the Defendants' Pelvic Mesh Products, thereby sustaining severe and permanent personal injuries and damages.  Defendants knew or had reason to know that Plaintiff SANDRA ROGERS and her physicians and other healthcare providers had no way to determine the truth behind Defendants' concealment and omissions, and that these included material omissions of facts surrounding the use of the Defendants' Pelvic Mesh Products, as described in detail herein.

46.     Plaintiff SANDRA ROGERS and her physicians reasonably relied on revealed facts which foreseeably and purposefully suppressed and concealed facts that were critical to understanding the real dangers inherent in the use of the Defendants' Pelvic Mesh Products.

47.     Having knowledge based upon Defendants' research and testing, or lack thereof, Defendants blatantly and intentionally distributed false information, including but not limited to assuring Plaintiff SANDRA ROGERS, her healthcare providers and physicians, and the public, that the Defendants' Pelvic Mesh Products were safe for use as a means of providing relief from stress urinary incontinence and/or prolapse and were as safe or safer than other products and/or procedures available and on the market.  As a result of Defendants' research and

testing, or lack thereof, Defendants intentionally omitted, concealed and suppressed certain results of testing and research to healthcare professionals, Plaintiff SANDRA ROGERS, and the public at large.

48.    Defendants had a duty when disseminating information to the public to disseminate truthful information; and a parallel duty not to deceive the public, Plaintiff SANDRA ROGERS and her healthcare providers, and the FDA.

49.    The information distributed to the public, the medical community, the FDA, and Plaintiff SANDRA ROGERS, by Defendants included, but was not limited to websites, information presented at medical and professional meetings, information disseminated by sales representatives to physicians and other medical care providers, reports, press releases, advertising campaigns, television commercials, print advertisements, billboards and other commercial media containing material representations, which were false and misleading, and contained omissions and concealment of the truth about the dangers of the use of the Defendants' Pelvic Mesh Products.

50.    Defendants intentionally made material misrepresentations to the medical community and public, including Plaintiff SANDRA ROGERS, regarding the safety of the Defendants' Pelvic Mesh Products specifically that the Products did not have dangerous and/or serious adverse health safety concerns, and that the Defendants' Pelvic Mesh Products were as safe or safer than other means of treating stress urinary incontinence and/or prolapse.

51.    Defendants intentionally failed to inform the public, including Plaintiff SANDRA ROGERS, of the high failure rate including erosion, the difficulty or impossibility of removing the mesh, and the risk of permanent injury.

52.     Defendants chose to over-promote the purported safety, efficacy and benefits of the Defendants' Pelvic Mesh Products instead.

53.     Defendants' intent and purpose in making these misrepresentations was to deceive and defraud the public, the medical community, and Plaintiff SANDRA ROGERS and her physicians; to gain the confidence of the public, the medical community, and Plaintiff SANDRA ROGERS and her physicians; to falsely assure them of the quality and fitness for use of the Products; and induce Plaintiff SANDRA ROGERS and her physicians, the public, and the medical community to request, recommend, prescribe, dispense, purchase, and continue to use the Defendants' Pelvic Mesh Products.

54.     Defendants made claims and representations in its documents submitted to the FDA and its reports to the public and to healthcare professionals and in advertisements that the Defendants' Pelvic Mesh Products had innovative beneficial properties and did not present serious health risks.

55.     These representations, and others made by Defendants, were false when made and/or were made with the pretense of actual knowledge when such knowledge did not actually exist, and were made recklessly and without regard to the true facts.

56.     These representations, and others made by Defendants, were made with the intention of deceiving and defrauding Plaintiff SANDRA ROGERS, her healthcare professionals and other members of the healthcare community, and were made in order to induce Plaintiff SANDRA ROGERS and her healthcare professionals, to rely on misrepresentations, and caused Plaintiff SANDRA ROGERS to purchase, rely, use, and request the Defendants' Pelvic Mesh Products and their healthcare professionals to dispense, recommend, or prescribe the Defendants' Pelvic Mesh Products.

57.     Defendants recklessly and/or intentionally falsely represented the dangerous and serious health and safety concerns inherent in the use of the Defendants' Pelvic Mesh Products to the public at large, for the purpose of influencing the sales of products known to be dangerous and defective, and/or not as safe as other alternatives.

58.     Defendants willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations, for the purpose of deceiving and lulling Plaintiff SANDRA ROGERS, as well as her healthcare providers, into a false sense of security, so that Plaintiff and her healthcare providers would rely on Defendants' representations, and Plaintiff SANDRA ROGERS would request and purchase the Defendants' Pelvic Mesh Products, and that her healthcare providers would dispense, prescribe, and recommend the Defendants' Pelvic Mesh Products.

59.     Defendants utilized direct-to-consumer advertising to market, promote, and advertise the Defendants' Pelvic Mesh Products.

60.     At the time the representations were made, Plaintiff SANDRA ROGERS and her healthcare providers did not know the truth about the dangers and serious health and/or safety risks inherent in the use of the Defendants' Pelvic Mesh Products.  Plaintiff SANDRA ROGERS did not discover the true facts about the dangers and serious health and/or safety risks, nor did she discover the false representations of Defendants, nor would she with reasonable diligence have discovered the true facts or Defendant's misrepresentations.

61.     Had Plaintiff SANDRA ROGERS known the true facts about the dangers and serious health and/or safety risks of the Defendants' Pelvic Mesh Products, Plaintiff SANDRA ROGERS would not have purchased, used, or relied on Defendants' Pelvic Mesh Products.

62.     Defendants' wrongful conduct constitutes fraud and deceit, and was committed and perpetrated willfully, wantonly, and/or purposefully on Plaintiff SANDRA ROGERS.

63.     As a proximate result of the Defendants' conduct, Plaintiff SANDRA ROGERS has been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT V – CONSTRUCTIVE FRAUD

64.     Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

65.     Defendants are in a unique position of knowledge concerning the quality, safety and efficacy of the Defendants' Pelvic Mesh Products, which knowledge is not possessed by Plaintiff SANDRA ROGERS or her physicians, and Defendants thereby hold a position of superiority over Plaintiff SANDRA ROGERS and her physicians.

66.     Despite their unique and superior knowledge regarding the defective nature of the Defendants' Pelvic Mesh Products, Defendants continue to suppress, conceal, omit, and/or misrepresent information to Plaintiff SANDRA ROGERS, the medical community, and/or the FDA, concerning the severity of risks and the dangers inherent in the intended use of the Defendants' Pelvic Mesh Products, as compared to other products and forms of treatment.

67.     For example, scientists in the recent study published in *Obstetrics & Gynecology*, August, 2010, found that the complication rate was so high that the clinical trial was halted early.

68.     Defendants have concealed and suppressed material information, including limited clinical testing, that would reveal that the Defendants' Pelvic Mesh Products had a higher risk of adverse effects, in addition to, and exceeding those associated with alternative procedures and available devices. Instead, Defendants have misrepresented the safety and efficacy of the Products.

69.     Upon information and belief, Defendants' misrepresentations are designed to induce physicians and Plaintiff SANDRA ROGERS to prescribe, dispense, recommend and/or purchase the Defendants' Pelvic Mesh Products. Plaintiff SANDRA ROGERS and the medical community have relied upon Defendants' representations.

70.     Defendants took unconscionable advantage of their dominant position of knowledge with regard to Plaintiff SANDRA ROGERS and her medical providers and engaged in constructive fraud in their relationship with Plaintiff SANDRA ROGERS and her medical providers. Plaintiff SANDRA ROGERS reasonably relied on Defendants' representations.

71.     As a proximate result of the Defendants' conduct, Plaintiff SANDRA ROGERS has been injured, sustaining severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and requests compensatory damages,

punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT VI – NEGLIGENT MISREPRESENTATION

72.     Plaintiffs re -allege and  incorporate by  reference  every allegation  of this Complaint as if each were set forth fully and completely herein.

73.     Defendants had a duty to accurately and truthfully represent to the medical and healthcare community, Plaintiff SANDRA ROGERS, and the public, that the Pelvic Mesh Products had not been adequately tested and found to be safe and effective for the treatment of incontinence and prolapse.  The representations made by Defendants, in fact, were false.

74.     Defendants failed to exercise ordinary care in the representations concerning the Pelvic Mesh Products while they were involved in their manufacture, sale, testing, quality assurance,  quality  control,  and  distribution  in  interstate  commerce,  because  Defendants negligently misrepresented the Pelvic Mesh Products' high risk of unreasonable, dangerous, adverse side effects.

75.     Defendants breached their duty in representing that the Defendants' Pelvic Mesh Products have no serious side effects different from older generations of similar products and/or procedures to  Plaintiff SANDRA  ROGERS,  her  physicians,  and  the  medical  and healthcare community.

76.     As a foreseeable, direct and proximate result of the negligent misrepresentation of Defendants as set forth herein, Defendants knew, and had reason to know, that the Pelvic Mesh Products had  been  insufficiently  tested,  or  had  not  been  tested  at  all,  and  that  they lacked adequate and accurate warnings, and that it created a high risk, and/or higher than acceptable  risk,  and/or  higher  than  reported  and  represented  risk,  of  adverse  side  effects,

17

including, erosion, pain and suffering, surgery to remove the Products, and other severe and
personal injuries, which are permanent and lasting in nature.

77.     As a proximate result of the Defendants' conduct, Plaintiff SANDRA
ROGERS has been injured, sustained severe and permanent pain, suffering, disability,
impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic
damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them,
individually, jointly, severally and in the alternative, and request compensatory damages,
punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as
the Court deems equitable and just.

### COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78.     Plaintiffs re-allege and incorporate by reference every allegation of this
Complaint as if each were set forth fully and completely herein.

79.     Defendants carelessly and negligently manufactured, designed, developed,
tested, labeled, marketed and sold the Defendants' Pelvic Mesh Products to Plaintiff
SANDRA ROGERS, carelessly and negligently concealing the harmful effects of the
Defendants' Pelvic Mesh Products from Plaintiff SANDRA ROGERS, and carelessly and
negligently misrepresented the quality, safety and efficacy of the Products.

80.     Plaintiff SANDRA ROGERS was directly impacted by Defendants'
carelessness and negligence, in that Plaintiff SANDRA ROGERS has sustained and will
continue to sustain emotional distress, severe physical injuries and/or death, economic losses,
and other damages as a direct result of the decision to purchase the Pelvic Mesh Products sold
and distributed by Defendants.

81.    As a proximate result of the Defendants' conduct, Plaintiff SANDRA ROGERS has been injured, sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damage.

WHEREFORE, Plaintiffs demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT VIII – BREACH OF EXPRFESS WARRANTY

82.    Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

83.    At all relevant and material times, Defendants manufactured, distributed, advertised, promoted, and sold the Defendants' Pelvic Mesh Products, including the Gynecare TVT System implanted in Plaintiff SANDRA ROGERS.

84.    At all relevant times, Defendants intended that Defendants' Pelvic Mesh Products be used in the manner that Plaintiff SANDRA ROGERS in fact used them and Defendants expressly warranted that each product was safe and fit for use by consumers, that it was of merchantable quality, that its side effects were minimal and comparable to other pelvic mesh products, and that it was adequately tested and fit for its intended use.

85.    At all relevant times, Defendants were aware that consumers, including Plaintiff SANDRA ROGERS, would use the Pelvic Mesh Products; which is to say that Plaintiff SANDRA ROGERS was a foreseeable user of Defendants' Pelvic Mesh Products.

86.     Plaintiff SANDRA ROGERS and/or her implanting physicians were at all relevant times in privity with Defendants.

87.     The Defendants' Pelvic Mesh Products were expected to reach and did in fact reach consumers, including Plaintiff SANDRA ROGERS and her implanting physicians, without substantial change in the condition in which it was manufactured and sold by Defendants.

88.     Defendants breached various express warranties with respect to the Pelvic Mesh Products including the following particulars:

     a.  Defendants represented to Plaintiff SANDRA ROGERS and her physicians and healthcare providers through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that the Defendants' Pelvic Mesh Products were safe and fraudulently withheld and concealed information about the substantial risks of serious injury and/or death associated with using the Pelvic Mesh Products;

     b.  Defendants represented to Plaintiff SANDRA ROGERS and her physicians and healthcare providers that the Defendants' Pelvic Mesh Products were as safe, and/or safer than other alternative procedures and devices and fraudulently concealed information, which demonstrated that the Products were not safer than alternatives available on the market; and

     c.  Defendants represented to Plaintiff SANDRA ROGERS and her physicians and healthcare providers that the Defendants' Pelvic Mesh

Products were more efficacious than other alternative medications and fraudulently concealed information, regarding the true efficacy of the Products.

89.     In reliance upon Defendants' express warranty, Plaintiff SANDRA ROGERS was implanted with the Defendants' Pelvic Mesh Products as prescribed and directed, and therefore, in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendants.

90.     At the time of making such express warranties, Defendants knew or should have known that the Defendants' Pelvic Mesh Products do not conform to these express representations because the Defendants' Pelvic Mesh Products were not safe and had numerous serious side effects, many of which Defendants did not accurately warn about, thus making the Defendants' Pelvic Mesh Products unreasonably unsafe for their intended purpose.

91.     Members of the medical community, including physicians and other healthcare professionals, as well as Plaintiff SANDRA ROGERS and the Public relied upon the representations and warranties of Defendants in connection with the use recommendation, description, and/or dispensing of the Defendants' Pelvic Mesh Products.

92.     Defendants breached their express warranties to Plaintiff SANDRA ROGERS in that the Defendants' Pelvic Mesh Products were not of merchantable quality, safe and fit for their intended uses, nor were they adequately tested, in violation of Common Law principles and N.J. Stat. Ann. §§ 12A:2-313, et seq.

93.     As a proximate result of the Defendants' conduct, Plaintiff SANDRA ROGERS has been injured and sustained severe and permanent pain, suffering,

disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT IX – BREACH OF IMPLIED WARRANTY

94.      Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

95.      At all relevant and material times, Defendants manufactured, distributed, advertised, promoted, and sold the Defendants' Pelvic Mesh Products, including the Gynecare TVT System implanted in Plaintiff SANDRA ROGERS.

96.      At all relevant times, Defendants intended that the Defendants' Pelvic Mesh Products be implanted for the purposes and in the manner that Plaintiff SANDRA ROGERS or her implanting physicians in fact used them and Defendants impliedly warranted each product to be of merchantable quality, safe and fit for such use, and adequately tested.

97.      Defendants were aware that consumers, including Plaintiff SANDRA ROGERS or her physicians, would implant the Defendants' Pelvic Mesh Products in the manner directed by the instructions for use; which is to say that Plaintiff SANDRA ROGERS was a foreseeable user of the Defendants' Pelvic Mesh Products.

98.      Plaintiff SANDRA ROGERS and/or her physicians were at all relevant times in privity with Defendants.

99.     The Defendants' Pelvic Mesh Products were expected to reach and did in fact reach consumers, including Plaintiff SANDRA ROGERS or her physicians, without substantial change in the condition in which they were manufactured and sold by Defendants.

100.    Defendants breached various implied warranties with respect to the Defendants' Pelvic Mesh Products, including the following particulars:

a. Defendants represented through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that the Defendants' Pelvic Mesh Products were safe and fraudulently withheld and concealed information about the substantial risks of serious injury and/or death associated with using the Pelvic Mesh Products;

b. Defendants represented that the Defendants' Pelvic Mesh Products were safe, and/or safer than other alternative devices or procedures and fraudulently concealed information, which demonstrated that the Defendants' Pelvic Mesh Products were not as safe or safer than alternatives available on the market; and

c. Defendants represented that the Defendants' Pelvic Mesh Products were more efficacious than alternative pelvic mesh products and procedures and fraudulently concealed information, regarding the true efficacy of the Defendants' Pelvic Mesh Products.

101.    In reliance upon Defendants' implied warranty, Plaintiff SANDRA ROGERS used the Pelvic Mesh Products as prescribed and in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendants.

102.    Defendants breached their implied warranty to Plaintiff SANDRA ROGERS in that the Defendants' Pelvic Mesh Products were not of merchantable quality, safe and fit for their intended use, or adequately tested, in violation of Common Law principles and N.J. Stat. Ann. §§ 12A:2-314, et seq.

103.    As a proximate result of the Defendants' conduct, Plaintiff SANDRA ROGERS has been injured, and sustained severe and permanent pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, comfort, and consortium, and economic damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT X – VIOLATION OF CONSUMER PROTECTION LAWS

104.    Plaintiffs re - allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

105.    Plaintiff SANDRA ROGERS purchased and used the Defendants' Pelvic Mesh Products primarily for personal use and thereby suffered ascertainable losses as a result of Defendants' actions in violation of the consumer protection laws.

106.    Had Defendants not engaged in the deceptive conduct described herein, Plaintiff SANDRA ROGERS would not have purchased and/or paid for the Defendants' Pelvic Mesh Products, and would not have incurred related medical costs and injury.

107.    Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, moneys from Plaintiff SANDRA ROGERS for the Pelvic Mesh

Products that would not have been paid had Defendants not engaged in unfair and deceptive conduct.

108.    Defendants engaged in unfair methods of competition and/or deceptive acts or practices that are currently and have at all pertinent times been proscribed by law, including the following:

    a.   Representing that goods or services have characteristics, ingredients, uses benefits or quantities that they do not have;

    b.   Advertising goods or services with the intent not to sell them as advertised; and,

    c.   Engaging in fraudulent or deceptive conduct that creates a likelihood of confusion or misunderstanding.

109.    Plaintiff SANDRA ROGERS was injured by the cumulative and indivisible nature of Defendants' conduct.  The cumulative effect of Defendants' conduct directed at patients, physicians and consumers was to create demand for and sell the Defendants' Pelvic Mesh Products.  Each aspect of Defendants' conduct combined to artificially create sales of the Defendants' Pelvic Mesh Products.

110.    Defendants have a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, labeling, development, manufacture, promotion, and sale of the Defendants' Pelvic Mesh Products.

111.    Had Defendants not engaged in the deceptive conduct described above, Plaintiff SANDRA ROGERS would not have purchased and/or paid for the Products, and would not have incurred related medical costs.

112.    Defendants' deceptive, unconscionable, or fraudulent representations and material omissions to patients, physicians and consumers, including Plaintiff SANDRA ROGERS, constituted unfair and deceptive acts and trade practices in violation of the state consumer protection statutes listed.

113.    Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts, or trade practices in violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann §§ 56:8-1 et seq.

114.    Defendants have engaged in unfair competition and/or unfair or deceptive acts or trade practices or have made false representations.

115.    Under the statutes listed above to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising, Defendants are the suppliers, manufacturers, advertisers, and sellers, who are subject to liability under such legislation for unfair, deceptive, fraudulent and unconscionable consumer sales practices.

116.    Defendants violated the statutes that were enacted to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising, by knowingly and falsely representing that the Defendants' Pelvic Mesh Products were fit to be used for the purpose for which they were intended, when in fact they were defective and dangerous, and by other acts alleged herein.  These representations were made in marketing and promotional materials.

117.    The actions and omissions of Defendants alleged herein are uncured or incurable deceptive acts under the statutes enacted in New Jersey to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising.

118.    Defendants had actual knowledge of the defective and dangerous condition of the Defendants' Pelvic Mesh Products and failed to take any action to cure such defective and dangerous conditions.

119.    Plaintiff SANDRA ROGERS and the medical community relied upon Defendants' misrepresentations and omissions in determining which product and/or procedure to undergo and/or perform (if any).

120.    Defendants' deceptive, unconscionable or fraudulent representations and material omissions to patients, physicians and consumers, constituted unfair and deceptive acts and practices.

121.    By reason of the unlawful acts engaged in by Defendants, and as a direct and proximate result thereof, Plaintiff SANDRA ROGERS has suffered ascertainable losses and damages.

122.    As a direct and proximate result of Defendants' violations of New Jersey's consumer protection laws, Plaintiff SANDRA ROGERS has sustained economic losses and other damages and is entitled to statutory and compensatory, damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request restitution and disgorgement of profits, together with interest, cost of suit, attorneys' fees, and all such other and further relief as this Court deems just and proper.

## COUNT XI – GROSS NEGLIGENCE

123.    Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

124.    The wrongs done by Defendants were aggravated by the kind of malice, fraud, and grossly negligent disregard for the rights of others, the public, and Plaintiff SANDRA ROGERS for which the law would allow, and which Plaintiff SANDRA ROGERS will seek at the appropriate time under governing law for the imposition of exemplary damages, in that Defendants' conduct, including the failure to comply with applicable Federal standards: was specifically intended to cause substantial injury to Plaintiff SANDRA ROGERS; or when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendants, knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiff SANDRA ROGERS.

125.    Plaintiff SANDRA ROGERS relied on the representation and suffered injury as a proximate result of this reliance.

126.    Plaintiff SANDRA ROGERS therefore will seek to assert claims for exemplary damages at the appropriate time under governing law in an amount within the jurisdictional limits of the Court.

127.    Plaintiff SANDRA ROGERS also alleges that the acts and omissions of named Defendants, whether taken singularly or in combination with others, constitute gross negligence that proximately caused the injuries to Plaintiff SANDRA ROGERS.   In that regard, Plaintiff SANDRA ROGERS will seek exemplary damages in an amount that would

punish Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT XII – UNJUST ENRICHMENT

128.    Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

129.    Defendants are and at all times were the manufacturers, sellers, and/or suppliers of the Defendants' Pelvic Mesh Products.

130.    Plaintiff SANDRA ROGERS paid for the Defendants' Pelvic Mesh Products for the purpose of treatment of stress urinary incontinence and/ or pelvic organ prolapse or other similar condition.

131.    Defendants have accepted payment by Plaintiff SANDRA ROGERS and others on her behalf for the purchase of the Defendants' Pelvic Mesh Products.

132.    Plaintiff SANDRA ROGERS has not received the safe and effective medical devices for which they paid.

133.    It would be inequitable for Defendants to keep this money since Plaintiff SANDRA ROGERS did not in fact receive a safe and effective medical device.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages,

together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT XIII – PUNITIVE DAMAGES

134.    Plaintiffs re -allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

135.    At all times relevant hereto, Defendants knew or should have known that the Defendants' Pelvic Mesh Products were inherently more dangerous with respect to the risks of erosion, failure, pain and suffering, loss of life's enjoyment, remedial surgeries and treatments in an effort to cure the conditions proximately related to the use of the Products, as well as other severe and personal injuries which are permanent and lasting in nature.

136.    At all times material hereto, Defendants attempted to misrepresent and did misrepresent facts concerning the safety of the Defendants' Pelvic Mesh Products.

137.    Defendants' misrepresentation included knowingly withholding material information from the medical community and the public, including Plaintiff SANDRA ROGERS, concerning the safety and efficacy of the Defendants' Pelvic Mesh Products.

138.    At all times material hereto, Defendants knew and recklessly disregarded the fact that the Defendants' Pelvic Mesh Products cause debilitating and potentially lethal side effects with greater frequency than safer alternative methods products and/or procedures and/or treatment.

139.    At all times material hereto, Defendants knew and recklessly disregarded the fact that the Defendants' Pelvic Mesh Products cause debilitating and potentially lethal side effects with greater frequency than safer alternative products and/or methods of treatment and recklessly failed to advise the FDA of same.

140.    At all times material hereto, Defendants intentionally misstated and misrepresented data and continue to misrepresent data so as to minimize the risk of injuries caused by the Defendants' Pelvic Mesh Products.

141.    Notwithstanding the foregoing, Defendants continue to aggressively market the Defendants' Pelvic Mesh Products to consumers, without disclosing the true risk of side effects when there are safer available alternatives.

142.    Defendants knew of the Defendants' Pelvic Mesh Products' defective and unreasonably dangerous nature, but continued to manufacture, produce, assemble, market, distribute, and sell the Defendants' Pelvic Mesh Products so as to maximize sales and profits at the expense of the health and safety of the Public, including Plaintiff SANDRA ROGERS, in conscious and/or negligent disregard of the foreseeable harm caused by the Defendants' Pelvic Mesh Products.

143.    Defendants continue to intentionally conceal and/or recklessly and/or grossly negligently fail to disclose to the public, including Plaintiff SANDRA ROGERS, the serious side effects of the Defendants' Pelvic Mesh Products in order to ensure continued and increased sales.

144.    Defendants' intentionally reckless and/or grossly negligent failure to disclose information deprived Plaintiff SANDRA ROGERS of necessary information to enable her to weigh the true risks of using the Defendants' Pelvic Mesh Products against their benefits.

145.    As a direct and proximate result of the foregoing acts and omissions, Plaintiff SANDRA ROGERS has required and will require health care and services, and has incurred medical, health care, incidental, and related expenses.   Plaintiff SANDRA ROGERS is informed and believes and further alleges that Plaintiff SANDRA ROGERS will in the future be required to obtain further medical care and/or hospital care and medical services.

146.    Defendants have engaged in conduct entitling Plaintiffs to an award of punitive damages pursuant to Common Law principles.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## COUNT XIV – LOSS OF CONSORTIUM

147.    Plaintiffs re-allege and incorporate by reference every allegation of this Complaint as if each were set forth fully and completely herein.

148.    At all relevant times hereto, Plaintiff SANDRA ROGERS had a spouse, ALAN ROGERS, who has suffered injuries and losses as a result of Plaintiff SANDRA ROGERS' injuries.

149.    Plaintiffs have necessarily paid and have become liable to pay for medical aid, treatment, and for medications and other expenses associated with Plaintiff SANDRA ROGERS' injuries.

150.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff ALAN ROGERS has been caused, presently and in the future, to suffer the loss of Plaintiff SANDRA ROGERS' companionship, services, society, love and affection, and the ability of Plaintiff ALAN ROGERS and Plaintiff SANDRA ROGERS has in those respects been impaired and depreciated.    The marital association between husband and wife has been altered. Accordingly, Plaintiff ALAN ROGERS has been caused great mental anguish, economic loss, and other injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

    a.  Compensatory damages on each cause of action for past, present, and future damages, including but not limited to, pain and suffering for severe and permanent personal injuries sustained by Plaintiff, health and medical care costs, together with interest and cost as provided by law;

    b.  Punitive damages on each cause of action;

    c.  Restitution and disgorgement of profits;

    d.  Reasonable attorneys' fees;

    e.  Costs of this action;

    f.  All ascertainable economic damages;

    g.  Such other additional and further relief as the Court may deem necessary, appropriate, and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all counts and issues.

Dated:  May 18, 2015

                    RESPECTFULLY SUBMITTED,


                    _____/s/ Eric H. Weinberg_____
                    Eric H. Weinberg, Esq.
                    **The Law Firm of Eric H. Weinberg**
                    149 Livingston Avenue
                    New Brunswick, New Jersey 08901
                    Phone: (732) 246-7080
                    Fax: (732) 246-1981
                    Email: ehw@erichweinberg.com


                    and

Wesley Chadwick Cook, Esq.
Andy D. Birchfield, Jr., Esq.
P. Leigh O'Dell, Esq.
**Beasley, Allen, Crow,**
**Methvin, Portis & Miles, P.C.**
Post Office Box 4160
Montgomery, Alabama  36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: chad.cook@beasleyallen.com

ATTORNEYS FOR PLAINTIFF